STATE of Missouri, Respondent,

v.

Robert L. INMAN, Appellant.

No. WD 33661.

Missouri Court of Appeals,
Western District.

Aug. 30, 1983.

Fred Duchardt, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

George Cox, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

Robert Inman was tried before a jury on the felony charge of stealing over $150 and was convicted and sentenced. On this appeal, he presents two points of error which will be considered in reverse order. Neither directly challenges the sufficiency of the evidence reducing to a minimum, the resurvey of the facts.

On January 6, 1981, a police officer observed suspicious conduct in the activities of two men transferring boxes from one car to another outside a motel. As the one car left, the officer gave chase at high speed, but obtained only the license number. A check of the license showed it to be registered in the name of Inman's wife, to which residence the officers proceeded with a warrant. Inman was arrested there and goods stolen at the motel were recovered. The police officer identified Inman as the driver of the vehicle which fled from the motel. After his arrest, Inman confessed to the crime.

In his second point briefed, Inman charges the trial court with error in failing, sua sponte, to refuse admission of Inman's confession or, having received it, to have later stricken the confession from the record.

The written confession was taken after Inman was fully informed of his rights and no issue is presented as to any deficiency in police procedure in this regard. The sole basis upon which Inman claims the confession should not have been received is that the statement was taken while he was under a condition of drug intoxication. He therefore contends his waiver of rights was not voluntary and the statement itself was not knowingly supplied.

The record in the case reveals no motion to suppress the confession and no objection made by the defense when the confession was offered in evidence. The motion for new trial merely asserts error in admission of the confession on the ground it was not voluntarily made. The point is therefore one of plain error cognizable, if at all, under Rule 29.12(b).

The evidence relative to acquisition of the confession came from the testimony of two police officers and Inman. The confession was taken from Inman by Officer Scarborough after Inman had been informed of his rights and had executed a waiver of those rights. Scarborough testified that he used no coercion, force, threats, or inducement. He did, however, report a statement made by Inman to the effect that Inman was "strung out" on drugs and agreed Inman presented that appearance. Officer Compton was present when the statement was given and also testified. According to Compton, Inman did not appear to be sufficiently impaired from the effects of drugs so that he did not understand what was taking place. Compton observed some indications that Inman had been under the influence of drugs and was experiencing withdrawal symptoms. The gist of the state's evidence was that Inman exhibited symptoms of drug usage when the confession was obtained, but the effect upon Inman's capabilities was not such as to preclude a voluntary waiver of rights and a knowing choice to supply the confession. Inman's own testimony was that his drugged state at the time caused him to be unaware of what he was doing.

■ Inman urges his point apparently on the premise that the confession became inadmissible once proof was adduced that Inman displayed indications of drug intoxication. Assuming for the moment that the case is not one limited by the constraints of plain error, it still does not follow that proof of drug usage invalidates the confession. To the contrary, a confession obtained from one under the influence of drugs is not necessarily involuntary. *State v. Kimball,* 613 S.W.2d 932, 943 (Mo.App.1981).

The issue of whether a confession is voluntary is whether it is the product of a capable intellect and where the evidence is conflicting, the admission of the confession is a subject in which deference is given to the trial court's decision on the credibility of witnesses. *State v. Crowley,* 571 S.W.2d 460, 464 (Mo.App.1978).

■ The record here does as Inman argues, show agreement by the three witnesses that Inman displayed external manifestations of drug usage, but disagreement as to whether the influence of narcotics deprived him of the ability to function rationally in waiving his rights and supplying the confession. The decision on the point, even had it been raised at trial, was for the trial judge. On well recognized grounds, the appellate court defers to the superior opportunity of the trial judge to evaluate credibility. In this case, we are even less disposed to interfere where plain error imposes the standard of manifest injustice or miscarriage of justice. The point raises no error entitling Inman to relief.

In the principal point on appeal to which Inman devotes the major portion of his brief, he seeks reversal of the conviction on the ground of ineffective assistance of counsel. Cited are ten "major misdeeds" including failure to insist upon a speedy trial, failure to disqualify the trial judge, failure to lodge objections at trial and general ineptitude in preparation and conduct of the defense.

It is first to be observed that none of the errors attributed to the ineffectiveness of counsel is presented as a ground for reversal of the conviction, excepting only the admission of the confession discussed earlier in this opinion. The case is thus distinguishable from *State v. Gantt,* 644 S.W.2d 656 (Mo.App.1982), on which Inman relies. The decision in *Gantt* was based not on ineffective assistance of counsel but on unpreserved error presented and reviewed as plain error which in turn was found to have resulted in manifest injustice and a miscarriage of justice. The action or inaction of defense counsel in *Gantt,* while a contributing factor, was not the ground on which

the appeal was considered or the decision was based.

Defendant here asserts as the basis for reversal of the conviction the ineffectiveness of counsel and documents the claim by the various instances mentioned above. In the language of Inman's brief, "counsel rendered such ineffective assistance throughout this trial and committed so many erros (sic) of omission and commission as to create a situation which denied appellant a fair trial and resulted in manifest injustice and a miscarriage of justice."

■ A defendant is entitled to raise the issue of ineffective assistance of counsel in the course of his direct appeal from the conviction. *State v. Lumsden,* 589 S.W.2d 226, 230 (Mo. banc 1979), cert. denied 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980). The cases are few, however, in which the issue is considered on the merits. Inman cites *State v. Moon,* 602 S.W.2d 828 (Mo.App.1980) as one example, but there the point was taken up by the court sua sponte as plain error. Most frequently, the reported cases decline to review the question on direct appeal indicating a marked preference for the more customary format of a motion under Rule 27.26. The reason often expressed is a lack of a sufficient record to examine the question.

■ The cases have not discussed a latent problem where direct review of counsel effectiveness is raised on appeal of the conviction. In the majority of cases, the issue of effectiveness of trial counsel is briefed on appeal by counsel not involved at trial. The point cannot, however, be advanced as preserved error because, as was the situation in this case, trial counsel acknowledged no ineffectiveness during trial and presented no claim to this effect in the motion for new trial. If reviewable at all, the claim of ineffective assistance of counsel can only be considered as plain error under Rule 29.-12(b).

■ In the normal proceeding under Rule 27.26, the standard for review of an ineffective assistance of counsel claim is whether counsel for the defense exercised the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and whether the defendant was prejudiced thereby. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979). Presumably the same standard prevails where the issue is raised on direct appeal. Because of the exigencies of plain error, however, there is a discretionary option to consider the point at all, and even if it be taken up, relief is not available on a mere showing of prejudice to the defendant. It must also appear that the ineffectiveness of counsel resulted in manifest injustice or a miscarriage of justice. From this it is apparent that proof sufficient to justify relief pursuant to a Rule 27.26 motion may not on the same facts warrant reversal of the conviction on a direct appeal.

■ In the present case, we have little hesitancy in agreeing that trial counsel did not exhibit the customary skill of a reasonably competent attorney under similar circumstances defending a criminal charge. The question of whether Inman was prejudiced by the performance of counsel during trial is less readily determined. The state's evidence of Inman's guilt was substantial, apart from proof which adept defense counsel could have excluded or placed in question. The trial record as a whole engenders no satisfactory conclusion that Inman's conviction was a manifest injustice or a miscarriage of justice. Conversely, it cannot be said that Inman suffered no prejudice when it is demonstrated that his trial attorney failed to exhibit customary skills of advocacy.

In a case of this nature, the better practice is to leave the ineffective assistance of counsel question to decision in a Rule 27.26 motion lest application of the more rigid requirements for plain error deny relief in a deserving case. We therefore exercise the discretionary choice not to review Inman's claim of ineffective assistance of counsel as plain error. In doing so, it is to be understood that we do not undertake to decide the issue of prejudice. The question will be properly considered on the basis of the 27.26 motion, if one be filed, and the evidence

presented in support of and in opposition to the motion.

The judgment is affirmed.

All concur.