**STATE of Missouri, Plaintiff-Respondent,**

v.

**David HANNAH, Defendant-Appellant.**

No. 48812.

Missouri Court of Appeals, Eastern District, Division One.

April 2, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 17, 1985.

Application to Transfer Denied June 25, 1985.

William J. Shaw, Asst. Public Defender, Clayton, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant was found guilty by a jury of sodomy, § 566.060.1 RSMo Cum.Supp.1984; forcible rape, § 566.030.1 RSMo Cum.Supp. 1984; felonious restraint, § 565.120 RSMo 1978; and armed criminal action, § 571.015 RSMo 1978, and was sentenced as a persistent offender to terms of three years for felonious restraint, a concurrent three years for armed criminal action, a consecutive thirty years for sodomy, and life imprisonment for rape to be served concurrently with the thirty years for sodomy but consecutively to the other terms of imprisonment. We affirm.

Defendant can not contest that the state made a submissible case. The prosecuting witness testified to the criminal acts that occurred on May 11, 1983 in defendant's apartment which led to the charges and his conviction. She said that after the acts the defendant put a red bandana around her eyes and led her out of his apartment and down the stairs to the parking lot. She then "felt being hit in the head and the bandana knocking off my head ... [and], I looked out the door and saw a police car sitting out there." Police Officer Suda testified that she saw the victim and defend-

ant come down the staircase and "noticed the bandana was covering the female's eyes." Suda also testified that the defendant struck the victim in the head. The red bandana was found by Police Officer Wirth at the same location the victim and defendant stood when Suda witnessed the incident. Photographs of the apartment complex doorway where the location of the bandana was found and the incident occurred, and the red bandana itself were received into evidence. The state offered no evidence of any physical items taken from the defendant's apartment which were seized without a warrant.

The defendant testified and denied the criminal acts. He further said that he did not see a bandana around the victim's head at any time and that he never struck her in the head. Defendant offered evidence of physical items which may have tended to disprove the state's testimony. Included were the prosecuting witness' clothing. A criminologist, called by defendant as an expert, testified about the result of certain tests on the clothing and the results tended to prove defendant's non-sexual activity with her but were indicative of prior sexual activity on her part. Prior to trial defendant filed a Motion to Offer Evidence of Prior Sexual Conduct of the victim pursuant to § 491.015 RSMo 1978 which was argued and overruled. Defendant made an offer of proof on the record and requested permission to present evidence in camera. The offer of proof was heard but the court refused to allow the evidence.

■ Defendant contends that the court erred in excluding evidence of the victim's prior sexual conduct pursuant to § 491–.015.1(2) to show an alternate source of semen on the victim's clothing.

Our supreme court has ruled that § 491.-015 creates only a presumption that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown,* 636 S.W.2d 929, 933 (Mo. banc 1982). The statute enumerates four exceptions to the presumption and allows the trial court to admit evidence "the court finds ... relevant to a material fact or issue." § 491.015.2 RSMo 1978.

Whether evidence is relevant and whether its probative value outweighs its inflammatory and prejudicial dangers are for the trial court to decide, and its decision will not be disturbed unless its discretion is abused. *State v. Wood,* 596 S.W.2d 394, 402 (Mo. banc 1980), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980).

■ Defendant tried to introduce the victim's prior sexual conduct under the exception which permits evidence of specific instances of sexual activity showing alternative source of semen. § 491.015.1(2). The state, however, did not introduce the victim's clothing into evidence and made no effort to support its case by introducing evidence of defendant's semen on the victim's clothing or elsewhere. To show an alternative source of semen therefore was irrelevant to any material fact or issue. The trial court's reason for denying defendant's motion was simply stated: "You can't set up a strawman and knock him down." The court's ruling did not hinder defendant's right to offer the physical evidence of the prosecuting witness' clothing and the results of tests he may have employed to prove that her story was not true. She testified that during the rape he withdrew and semen was thereby deposited on clothing or furniture. The court's decision not to allow examination of the prosecuting witness did not prohibit or restrict the defendant from his own evidence to disprove this testimony. It was not necessary for the defendant to prove also that the prosecuting witness may have engaged in sexual activity three days prior to the date of the offense. The evidence was properly excluded because the "[i]ntroduction of such evidence serves only to humiliate and embarrass the witness in a public 'fishing expedition' that puts the complainant on trial instead of the appellant." *Brown,* 636 S.W.2d at 933, *State v. Young,* 668 S.W.2d 263, 265 (Mo.App.1984).

■ Defendant's second point on appeal requires additional facts. Before trial the state confessed defendant's motion to suppress evidence. The state agreed that the search of defendant's apartment was il-

legal and that it would not use any evidence seized from or photographs taken of the apartment.

During the state's opening statement, the prosecutor argued the following:

The detective also took photographs. You will see the photographs of the building and photographs of the view Policewoman Suda had from the patrol car. You will see the stairs. You will see a picture outside the apartment doorway, shows the two locks, the deadbolt and doorhandle.

*The police did not get a search warrant, so there is no evidence from inside the apartment.*

MS. DAMES: I will object. May we approach the bench?

(The following was heard at the bench, out of hearing of the jury)

MS. DAMES: Judge, I object to the Prosecutor's statement. I object to the Prosecutor's statement the police did not get a search warrant and that is why there is no evidence.

THE COURT: *Objection sustained.*

MS. DAMES: I will ask for a mistrial, based on that statement of the Prosecutor.

THE COURT: Overruled.

MS. DAMES: I will ask the jury be instructed to disregard that statement.

MR. ELLIS: I plan to, after putting on the Maplewood Police Officer, immediately when they went in the apartment was searched and they did not. I am also going to ask did they ever apply for a search warrant and the answer is no. And, I may have phrased that awkwardly but may I be permitted to ask these questions?

THE COURT: *You may ask if you don't talk about a search warrant.* You can do that. You merely cannot say that any evidence was obtained.

\*　　\*　　\*　　\*　　\*　　\*

(The following was heard in open court, within hearing of the jury)

MR. ELLIS: Finally, the State's evidence will show that—

MS. DAMES: —Your Honor, I am sorry. Are you going to instruct the jurors—

THE COURT: No, proceed.

MS. DAMES: Your Honor, I would ask the jury be instructed to disregard my objection [sic] and the Court sustained my objection.

THE COURT: No. Proceed. [emphasis ours]

During the state's case-in-chief, the examination of Police Officer Polinsky was as follows:

(The following was heard in open court, within hearing of the jury)

Q (By Mr. Ellis) Detective, did you or any Maplewood Police Officer, or any police officer, *apply for and execute a search warrant on the inside of that apartment?*

A No.

MR. ELLIS: I have no further questions. [emphasis ours]

During the second part of the state's closing argument, the prosecutor argued the following:

The evidence is the Maplewood Police never applied for and executed a search warrant, so we don't have—can't—

MS. DAMES: —May we approach the bench?

(The following was heard at the bench, out of hearing of the jury)

MS. DAMES: Judge, I object. All this testimony about the apartment was suppressed. I purposely did not put anything on the sofa for the reason those items were suppressed. The Prosecutor is now trying to argue this warrant.

MR. ELLIS: I am arguing the Maplewood Police would do it and they did not apply for a search warrant on the premises. That came in unobjected to.

MS. DAMES: It did not come in unobjected. I objected to it at that time. He is trying to show seminal stains are probably on the carpet back in the apartment, which is not true. He has alleged it to the jury.

THE COURT: He can't argue anything that—argue things that aren't true like that. He can argue they didn't get a search warrant.

MS. DAMES: He is going further than that.

MR. ELLIS: That is all I said.

MS. DAMES: I request a mistrial for the reason he has misled the jury. That is evidence that has been examined and it has been examined and found to be negative.

THE COURT: *I will sustain the objection* and deny the request for a mistrial.

MS. DAMES: I request time to reply to the Prosecutor's statement.

THE COURT: No.

(The following was heard in open court, within hearing of the jury)

THE COURT: *The jury will disregard the last remark by the—about the apartment. Proceed.* [emphasis ours]

Defendant contends the trial court erred in refusing to grant a mistrial when the prosecutor argued excluded evidence in his opening statement and closing argument which misled the jury.

At trial, defendant did not object to the admission of Police Officer Polinsky's testimony that the police did not apply for or execute a search warrant. Nor does he challenge the admission of that testimony on appeal. In this case, because defendant has failed to challenge the admissibility of Police Officer Polinsky's testimony either at trial or on appeal, he has waived any valid objection to the prosecutor's argument based on that testimony. *See State v. Balle,* 442 S.W.2d 35, 40 (Mo.1969); *State v. Jones,* 652 S.W.2d 223, 225 (Mo. App.1983); *State v. Pennington,* 392 S.W.2d 5, 9 (Mo.App.1965), and cases cited therein.

The prosecutor in his opening statement said that "[t]he police did not get a search warrant, so there is no evidence from inside the apartment." The defendant's objection was sustained by the court. The prosecutor in his case-in-chief presented unopposed evidence from Police Officer Polinsky that in fact a search warrant had not

been executed. In his closing argument the prosecutor again stated that "[t]he evidence is the Maplewood Police never applied for an executed search warrant, so we don't have—can't—[.]" Again the defendant objected and the objection was sustained by the court. Requests for mistrial were denied on both occasions.

■ Defendant's view is that he was prejudiced by the implication or inference that items seized from within his apartment may have supported the state's case but were not allowed into evidence because of the illegal manner in which they were seized. We reject this argument for several reasons. First, neither the opening statement nor the closing argument indicated that the police had entered the apartment. Secondly, defendant's objections were sustained and as to the closing argument the jury was instructed to disregard the remark. Third, declaration of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. *State v. Hampton,* 653 S.W.2d 191, 194 (Mo. banc 1983). The court has considerable discretion in allowing or rejecting argument of counsel and its rulings are reversible only for an abuse of discretion where the argument is plainly unwarranted. *State v. Moore,* 620 S.W.2d 370, 373 (Mo. banc 1981). Finally, evidence on the same point consisting of the testimony of Officer Polinsky was received without objection. Because of this evidence neither the opening statement nor the closing argument in themselves constituted a sufficient basis to find that the implication or inference urged by defendant clearly resulted. Defendant was arrested outside of his apartment and it is equally possible that the jury would conclude that the police never entered the apartment. We find no abuse of discretion in the court's denial of mistrial.

Judgment affirmed.

PUDLOWSKI, P.J., and GAERTNER, J., concur.