STATE of Missouri,
Plaintiff-Respondent,

v.

James TOWNSEND,
Defendant-Appellant.

No. 50652.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 29, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 10, 1986.

Application to Transfer Denied
Oct. 14, 1986.

Charles Clifford Schwartz, James Jay Knappenberger, Clayton, for defendant-appellant.

John Munson Morris, Timothy William Anderson, Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant James Townsend appeals jury conviction of assault in the second degree. § 565.060 RSMo Cum.Supp.1984. He was sentenced to six months imprisonment and assessed a $1,000 fine.

Defendant asserts trial court error in failing to instruct on the lesser included offense of assault in the third degree, § 565.070 RSMo 1978 and overruling defendant's objection to rebuttal testimony offered by the State. Affirmed.

The evidence adduced at trial in the light most favorable to the State was as follows. In the early morning of December 16, 1984, the victim, defendant's ex-wife, pulled into her driveway followed by defendant. She got out of her automobile and approached defendant's automobile. She told him "you're at the wrong end of town." She

turned away and walked toward her house. While she was ascending the steps to her front door she was shot in the back of the legs. After she fell to the ground she turned and saw the defendant put a long gun into his car. He entered his car and drove away.

The victim testified she had approximately sixty pellet holes from her knee to her hip in her left leg and approximately twenty holes from her knee down in her right leg from the gunshot blast. She was hospitalized for six days. The pellets from the gunshot blast were not removed from her legs.

Defendant claims the trial court erred in not submitting an instruction on assault in the third degree. Defendant testified at trial and stated that he did not intend to shoot his wife but intended instead to shoot the foundation of the house. He argues there is evidence that he did not intend to shoot his wife which is required for conviction of assault second degree § 565.060 RSMo Cum.Supp.1984. However, two police officers testified that defendant upon arrest admitted he intended to shoot his wife.

■ Defendant admits he failed to request the court to instruct on assault third degree. Except in homicide cases defendant may not complain about a court's failure to give a lesser offense instruction unless defendant specifically requests it. *State v. Olson*, 636 S.W.2d 318, 322–323 (Mo. banc 1982). Further, the essential elements of the charged crime of assault second degree were supported by the evidence as required by § 556.046.2 RSMo 1978. We find no error plain or otherwise.

Defendant's second point claims error by the court in overruling defendant's objection to rebuttal testimony offered by the state. After defendant testified that he intended to shoot the foundation of the house and not his ex-wife the state offered rebuttal testimony of a police officer. The police officer testified that "defendant stated that he had come down to the police station to turn himself in because he had just shot his wife." Defendant avers this testimony was improper as rebuttal and should have been offered in the State's case-in-chief.

■ An appellate court will not reverse a case on the ground of improper rebuttal unless there is a clear abuse of discretion or the defendant's rights are prejudicially affected. *State v. Johnson*, 586 S.W.2d 437, 442 (Mo.App.1979). Evidence that explains, counteracts, repeals or disproves the evidence offered by the defendant whether directly or by implication is proper rebuttal. *State v. Tabor*, 657 S.W.2d 317, 320 (Mo.App.1983).

■ These holdings both apply. The issue of intent or its absence were central to the State's case and the defense and the rebuttal added no new or prejudicial evidence. The police officer's testimony was clearly proper to counteract defendant's lack of intent testimony or disprove it. We find no abuse of discretion.

Affirmed.

SIMON and GARY M. GAERTNER, JJ., concur.