### STATE of Missouri, Plaintiff–Respondent,

### v.

### Sammy CLARK, Defendant–Appellant.

### No. 52617.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 24, 1988.

Application to Transfer Denied
April 19, 1988.

Herman L. Jimerson, Asst. Public Defender, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Judge.

The defendant, Sammy Clark, appeals his conviction of forcible rape in violation of Section 566.030;[1] forcible sodomy in violation of Section 566.060; and kidnapping in violation of Section 565.110.

The evidence adduced at trial showed the following: In the early morning hours of October 20, 1985, the victim, a sixteen year old girl, was waiting at a bus stop in the City of Wellston. She was scheduled to work the early morning shift at a fast food restaurant. At approximately 5:30 a.m. the defendant grabbed the victim, put a knife to her throat and told her to come with him. The victim told the defendant that she had no money. He stated that he wanted sex, not money. The defendant took her to a nearby lot which he later determined afforded too much visibility. He then took her to a more secluded lot where he raped and sodomized her. After the defendant had done this, he rummaged through her purse and then left. The girl returned to the bus stop and asked a bus driver to call the police. The bus radio was broken so the driver gave her change so she could use a pay phone. The girl phoned a friend of the family in order to contact her mother, and then called the police. When the police arrived, the girl gave a description of her assailant and was taken to the hospital for treatment.

The defendant was identified by the victim and was arrested shortly thereafter. He was tried in the Circuit Court of the City of St. Louis on November 3, 1986, before a jury. The jury found the defendant guilty of forcible rape, forcible sodomy and kidnapping. The trial court sentenced the defendant as a persistent offender as to the kidnapping charge and as a persistent sexual offender as to the rape and sodomy charges. The defendant received a total of 90 years imprisonment.

On appeal the defendant argues that (1) the trial court erred in not granting a mistrial or refusing to instruct the jury to disregard the victim's testimony that she had never been arrested for any crime; (2) the trial court erred in refusing to instruct the jury on sexual assault in the second degree in that it was a lesser included offense to the charge of rape; and (3) the trial court erred in refusing to instruct on deviate sexual assault in the second degree in that it is a lesser included offense of sodomy.

---

1. Unless otherwise indicated, all references to statutes are to RSMo 1986.

In his first point the defendant claims that the trial court erred in admitting certain testimonial evidence. The chronology of the trial proceedings is relevant to the resolution of this issue and must be examined in some detail. At the outset of the trial the state made its opening argument and the defense reserved its opening argument. The state then proceeded to present its case-in-chief. The prosecutrix was the second witness called by the state. At the close of direct examination the prosecuting attorney asked the following:

Q J____, have you ever been arrested for a crime?

A No.

Q Ever been convicted of a crime?

At this point the defense attorney objected on the ground that the question was irrelevant and was an improper attempt to bring the good character of the victim before the jury. Her motion for a mistrial was overruled by the trial court. The defense attorney then moved that the question and answer be stricken from the record. That motion was likewise denied. The issue was not pursued on cross examination or redirect.

As part of its case-in-chief, the state played into evidence an audio tape and videotape of a statement the defendant had made while in police custody. The statements related the defendant's version of events which, not surprisingly, were markedly different from the version related by the victim. In these tapes the defendant stated that he became bored in the early morning hours of October 20, 1985, and decided to take a walk. While doing so he came upon the victim waiting at the bus stop. He engaged her in brief conversation whereupon he asked if she would have sex with him in exchange for ten dollars. When the girl agreed he took her to a vacant lot which turned out to be too wet to provide a comfortable setting. The defendant stated that he then took the girl to a second lot where they consummated the alleged agreement. When the girl found that the defendant had no money, in anger she threw her pocketbook at him. The defendant believes that his refusal to pay for her services provoked the girl to notify the police of the incident.

The defendant did not testify at trial in his own defense. He now argues that the trial court committed reversible error in failing to grant a mistrial or strike the question and answer set out above and that he was prejudiced by the admission of that evidence. He contends that this prejudice was compounded by the fact that he was statutorily precluded from inquiring into the character of the victim under Section 491.015.

 At the outset we note that the Rape Shield Statute, Section 491.015, has no bearing on this issue.[2] The statute creates a presumption that evidence of a victim's prior sexual conduct is inadmissible. *State v. Hannah*, 691 S.W.2d 345, 346 (Mo. App.1985). That statute does not render all character evidence inadmissible, only that evidence which pertains to the prior *sexual* conduct of the prosecutrix. The question asked and answered by the victim did not constitute evidence of prior sexual conduct. The inquiry gave rise to the simple fact that the victim had never been arrested.

The defendant asserts that the prosecuting attorney improperly interjected evi-

2. Section 491.015 provides:
1. In prosecutions under chapter 566, RSMo, or prosecutions related to sexual conduct under chapter 568, RSMo, opinion and reputation evidence of the complaining witness' prior sexual conduct is inadmissible; evidence of specific instances of the complaining witness' prior sexual conduct or the absence of such instances or conduct is inadmissible, except where such specific instances are:
(1) Evidence of the sexual conduct of the complaining witness with the defendant to prove consent where consent is a defense to the alleged crime and the evidence is reasonably contemporaneous with the date of the alleged crime; or
(2) Evidence of specific instances of sexual activity showing alternative source or origin of semen, pregnancy or disease;
(3) Evidence of immediate surrounding circumstances of the alleged crime; or
(4) Evidence relating to the previous chastity of the complaining witness in cases, where, by statute, previously chaste character is required to be proved by the prosecution.

dence of the good character of the victim. The state counters that the evidence was not character evidence and was properly admitted in that it was corroborative of the victim's testimony and was offered to rebut self-serving statements made by the defendant in the video and audio tapes. It is important to note that the testimony at issue was elicited by the prosecutor prior to the introduction of any evidence that suggested that the victim was engaged in prostitution. The first time that the defense of prostitution was brought before the jury was when the taped statements made by the defendant were played into evidence.[3]

Only in very limited circumstances is evidence of the character of a crime victim relevant and admissible.

"Evidence of the character of a victim is not admissible in support of a contention of self-defense in order to show that the victim acted in conformity therewith and was the first aggressor. However, proof of the victim's reputation as to the trait of violence may be introduced on the question of whether the defendant was justified in his actions, if the defendant then knew of the reputation. Also evidence of good character of the victim may be offered by the State in *rebuttal* to proof presented by the defense that the victim's reputation as to violence was bad."

Mo. Evidence Restated, Section 404(c) (Mo. Bar 1984).

Rebuttal testimony is that which tends to disprove or refute evidence offered by the defendant. *State v. Ramsey,* 710 S.W.2d 459, 461 (Mo.App.1986); *State v. Townsend,* 716 S.W.2d 403, 404 (Mo.App. 1986). At the time the evidence was brought before the jury, the character of the victim had not been assailed in any way. A party cannot rebut evidence that has not been presented. Further, the evidence brought out was not related to the

victim's propensity for violence nor was it elicited to show that the actions of the defendant were justified. The state's use of this evidence was improper.

The state argues that the evidence at issue was not character evidence. It is difficult to see how one could argue that an inquiry as to prior arrests is anything other than character evidence. But, even if we assume that it was not, the question, at the time it was asked, was not relevant to any issue then before the jury. Relevant evidence is that which tends to prove or disprove facts in issue or corroborate evidence which is relevant and bears on a principle issue. *State v. Clark,* 711 S.W.2d 928, 932 (Mo.App.1986). Evidence of the victim's lack of prior arrests when introduced prior to presentation of the defendant's statements were not relevant to any issue then before the jury. Whether or not the testimony at issue is characterized as character evidence, the question that gave rise to the evidence was improper.

However, although the admission of the evidence was improper we find that the defendant was not prejudiced by the action of the trial court. The defendant argues that the refusal of the trial court to grant his motion for mistrial or to give a curative instruction was reversible error. The case law is clear. Error in the admission of testimonial evidence in a criminal prosecution does not necessarily result in reversal. Only prejudicial error is reversible error and the burden is on the defendant to show both the error and the resulting prejudice. *State v. Abbott,* 654 S.W.2d 260, 276 (Mo.App.1983). Further, the drastic remedy of a mistrial requires that it be granted only in extra ordinary circumstances. *State v. Brown,* 669 S.W.2d 620, 623 (Mo.App.1984). Because of the unique position of the trial court to assess the prejudicial effect of evidentiary irregularities, the remedy of mistrial is within the discre-

---

**3.** The defendant states in his brief that the prosecution had impeached the victim in its opening statement. The transcript supplied to this court has omitted the opening argument of the state. This is of no consequence, however, since an opening statement does not constitute evidence. *State v. Hoelzer,* 493 S.W.2d 703, 706 (Mo.App.

1973). Defendant further states in his brief that the video and audio taped statements made by the defendant were never put into evidence. This is contrary to the record which shows that both were played into evidence by the state as part of its case in chief.

tion of the trial court. *Brown,* 669 S.W.2d at 623; *State v. Gilmore,* 661 S.W.2d 519, 522 (Mo. banc 1983). Here the trial court found no prejudice. The question asked and answered by the victim was vague, innocuous and gave no rise to any unfair inferences regarding the guilt of the defendant. Rather, the statement made was an isolated incident of minimal consequence in the course of a long trial. *Brown,* 669 S.W.2d at 623. The defendant fails to direct this court to any evidence in the record that supports his claim of prejudice. Our examination of the record fails to reveal any prejudice and we find no abuse of discretion. Point denied.

The defendant's second and third points are similar and will be discussed concurrently. In his second point, the defendant argues that the trial court erred in refusing to instruct the jury on sexual assault in the second degree in that it is a lesser included offense to the charge of rape. In his third point he argues that the court similarly erred in refusing his proffered instruction on deviate sexual assault in the second degree which, he argues, is a lesser included offense of sodomy. "A defendant may be convicted of an offense included in an offense charged in the indictment or information. An offense is so included when (1) It is established by proof of the *same or less than all the facts* required to establish the commission of the offense charged; ..." Section 556.046. This principle is in accord with case law. In order for an offense to be a lesser included, the greater of the two offenses must encompass all the legal and factual elements of the lesser. *State v. Boschert,* 693 S.W.2d 128, 129 (Mo.App.1985); *State v. Van Doren,* 657 S.W.2d 708, 715 (Mo.App.1983). The lesser is not included in the greater unless it is impossible to commit the greater without first committing the lesser. *State v. Seddens,* 624 S.W.2d 470, 473 (Mo.App.1981). In order to determine whether a lesser included offense exists the court will focus on the statutory elements of each offense. *State v. Gobble,* 675 S.W.2d 944, 948 (Mo. App.1984); *Van Doren,* 657 S.W.2d at 715. The statutory elements test was set out in

*State v. Amsden,* 299 S.W.2d 498, 504 (Mo. 1957):

If the greater of the two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.

The elements of forcible rape are outlined in Section 566.030.1 which provides: "A person commits the crime of forcible rape if he has sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion."

Section 566.050.1 states the element for sexual assault in the second degree. The statute provides: "A person commits the crime of sexual assault in the second degree if, being seventeen years old or more, he has sexual intercourse with another person to whom he is not married who is sixteen years old."

Section 566.060.1 outlines the elements of sodomy. That statute provides: "A person commits the crime of sodomy if he has deviate sexual intercourse with another person to whom he is not married, without that person's consent by the use of forcible compulsion."

The elements of deviate sexual assault in the second degree are outlined in Section 566.080.1 which provides: "A person commits the crime of deviate sexual assault in the second degree if, being seventeen years old or more, he has deviate sexual intercourse with another person to whom he is not married who is sixteen years old."

The defendant argues that since the victim was sixteen years old at the time of the rape and sodomy and since the issue of consent is irrelevant in offenses based on Sections 566.050 and 566.080, the defendant could have been convicted of the lesser and acquitted of the greater. We disagree. In order to convict a defendant under Sections 566.050 or 566.080, the jury must find that the victim is precisely sixteen years old. This finding is not required under Sections 566.030 or 566.060. Because the purported

202

lesser offenses based on Sections 566.050 and 566.080 do not require proof of the same or less than all the facts required to convict under Sections 566.030 and 566.060, the purported greater offenses, they are not lesser included. Were we to hold otherwise, the sexual offender who fortuitously rapes or sodomizes a person who later turns out to be precisely sixteen years of age, is rewarded by the possibility that he will be convicted of a crime with a substantially less severe penalty.[4] We decline to extend the beneficence of this court to that end. For the above reasons we find the action of the trial court in refusing the proffered instruction was not erroneous. Point denied.

STEPHAN, P.J., and SIMEONE, Senior Judge, concur.

4. The offenses proscribed, Sections 566.050 and 566.080, are classified as class D felonies unless in the course of their commission serious physical injury results or unless a deadly weapon is displayed in a threatening manner, in which case the offenses become class C felonies. A class C felony is punishable by a term of impris-

onment not to exceed 7 years, and a class D felony by a term not to exceed 5 years. Section 558.011.1(3), (4). Both the crimes of forcible rape and forcible sodomy carry a maximum penalty of life imprisonment upon conviction. Sections 566.030.2; 566.060.2.