David N. HANNAH, Jr., Movant,

v.

**STATE of Missouri, Respondent.**

No. 58685.

Missouri Court of Appeals,
Eastern District,
Division One.

June 28, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 3, 1991.

Martin & Malec, St. Louis, for movant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

The facts of this case have been fully developed in *State v. Hannah*, 691 S.W.2d 345 (Mo.App.1985); thus we need address only the necessary procedural facts as follows. Appellant, David Hannah, (hereinafter Hannah), was found guilty in a jury trial of sodomy, § 566.060.1 RSMo *cum. supp.* 1984; forcible rape, § 566.030.1 RSMo *cum supp.* 1984; felonious restraint, § 565.120 RSMo 1978; and armed criminal action, § 571.015 RSMo 1978, on May 10, 1984. Appellant was sentenced to three years imprisonment for felonious restraint, a concurrent three years for armed criminal action, a consecutive thirty years for sodomy, and life imprisonment for rape to be served concurrently with the thirty years for sodomy, but consecutively to the other terms of imprisonment. This court affirmed Hannah's conviction and sentence in *State v. Hannah*, 691 S.W.2d 345 *supra*.

On August 17, 1987, Hannah filed a *pro se* Rule 27.26 motion to vacate, correct or set aside the judgment and sentence. On August 19, 1987, the Office of the Special Public Defender appointed James McKay (hereinafter McKay) to represent Hannah. On May 22, 1989, McKay filed an amended motion for post-conviction relief under 27.26 and requested an evidentiary hearing on behalf of Hannah.

On October 6, 1989, an evidentiary hearing was held. On June 5, 1990, findings of fact, conclusions of law and an order denying Hannah's Rule 27.26 motion were filed. Subsequently, Hannah filed this appeal.

In the first point on appeal, Hannah contends that the motion court erred in not finding ineffective assistance of counsel because Hannah's trial counsel permitted suppressed prejudicial evidence to be intro-

duced and commented upon without objection or without proper preservation of the point on appeal. Specifically, Hannah contends that his defense counsel failed to object to a police officer's testimony that the police officer failed to execute and secure a search warrant, thus permitting the prosecutor to comment upon it in his closing argument and that as a result of this failure this court on direct appeal failed to find any prejudice or error in the prosecutor's opening and closing arguments. Even though this court on direct appeal stated that Hannah's defense counsel's failure to object to the police officer's testimony waived any valid objections by Hannah to the prosecutor's argument based on that testimony, this court, nevertheless, expressed additional reasons for finding that this information had not caused Hannah prejudice sufficient to warrant a mistrial. *State v. Hannah,* 691 S.W.2d 345, *supra* at 349. We stated, first, that neither the opening statement or the closing argument indicated that the police officer had entered the apartment; second, that Hannah's objections were sustained and as to the closing argument the jury was instructed to disregard the remark; and, third and moreover, that Hannah "was arrested outside of his apartment and it is equally possible that the jury would conclude that the police never entered the apartment." *Id.*

■ Thus, circuitously, we are back to the same point addressed on direct appeal. This court has already considered the prejudicial effect of this information on Hannah's trial and found that he did not suffer prejudice to warrant a mistrial. *State v. Hannah, supra* 691 S.W.2d 345, *supra* at 349. An issue previously considered on direct appeal cannot be relitigated in a post-conviction proceeding under Rule 27.26 and this is true even if the litigant has a different theory to suggest. *Windle v. State,* 669 S.W.2d 44, 46 (Mo.App.1984); *Medley v. State,* 639 S.W.2d 401, 404 (Mo. App.1982). *See also O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989). Further, the Missouri Supreme Court has held that "a claim raised and determined adversely to appellant on direct appeal cannot be relitigated by attempting to transform the claim of ineffective assistance of counsel." *Clemmons v. State,* 785 S.W.2d 524, 530 (Mo. banc 1990); *Sidebottom v. State,* 781 S.W.2d 791 (Mo. banc 1989). Point denied.

■ Hannah also contends that his defense counsel failed to object to specific evidence of a knife which had by agreement been suppressed, thus allowing the jury to hear prejudicial references to facts not properly in evidence. However, prior to this appeal, Hannah had failed to object to his defense counsel's failure to object to this testimony. Hannah did not raise this claim in his *pro se* motion, in his amended motion, nor at this evidentiary hearing. Hannah's failure to preserve this claim precludes appellate review. *Boliek v. State,* 755 S.W.2d 417, 418 (Mo.App.1988); *cert. denied,* 479 U.S. 903, 107 S.Ct. 302, 93 L.Ed.2d 276 (1986); *Williams v. State,* 712 S.W.2d 404, 411 (Mo.App.1986). Thus, Hannah's claim is procedurally barred and is hereby denied.

■ Hannah charges that the trial court erred in not finding ineffective assistance of counsel where his defense counsel failed to fully inform him of the possible severe consequences of the jury hearing of his prior convictions and thereafter elicited those convictions into evidence when Hannah testified. Hannah contends that he was prejudiced by the fact that one conviction, a juvenile conviction, which would not have been admissible against him was elicited before the jury and that he was prejudiced thereby.

However, in response to Hannah's claims, the motion court found:

24. That prior to [Hannah's] testifying [his defense attorney, Mary Dames Fox, hereinafter Fox] informed [Hannah] that if he did testify all his prior convictions would be elicited from him before the jury and that it would damage his credibility. That after weighing the options of testifying or not testifying movant chose to testify.

25. That [Hannah] informed [Fox] that among others he had a conviction from Tennessee but that he did not know if it was a juvenile or an adult. [Fox]

brought out the Tennessee convictions and all other convictions in her direct examination of [Hannah] because she was afraid that if it was an adult conviction and if she didn't bring it out the prosecution would and movant would appear to be concealing a prior from the jury.

Generally, appellate review of a motion court's decision in a Rule 27.26 proceeding is expressly limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). Such findings and conclusions of the motion court are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, *supra* at 915. Movant has a heavy burden to demonstrate that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform and that movant was prejudiced and thereby establishing ineffective assistance of counsel. *Childress–Bey v. State,* 779 S.W.2d 697, 699 (Mo.App. 1989).

A decision by trial defense counsel to introduce during direct examination all of Hannah's possible prior convictions is a matter of trial strategy that is not only virtually unchallengeable, but is a very common and wise practice. *Smith v. State,* 774 S.W.2d 562, 564 (Mo.App.1989). Hannah's trial defense counsel discussed his prior convictions during direct examination, thus the prosecutor was not allowed to cross-examine Hannah concerning those prior convictions. Thus, not only was trial defense counsel's decision to introduce Hannah's prior convictions during direct examination trial strategy, it prevented the prosecutor from questioning Hannah concerning these convictions during cross-examination. Hannah, thus, suffered no prejudice. Point denied.

Hannah charges that the motion court erred in not finding ineffective assistance of counsel where defense counsel failed to call witnesses who would have presented evidence to impeach the credibility of the state's witnesses and rehabilitated Hannah's character. Hannah asserts that defense counsel was ineffective for failing to call his brother and sister whose testimony would supposedly have impeached the credibility of the alleged victim and bolstered the credibility of Hannah. Ordinarily, the choice of witnesses and defense tactics are matters of trial strategy and will not support a claim of ineffective assistance of counsel. *Young v. State,* 761 S.W.2d 725, 728 (Mo.App.1988); *Jackson v. State,* 729 S.W.2d 253 (Mo.App.1987).

Hannah admitted during the evidentiary hearing that his sister was not called as a witness because she would jeopardize her employment if she missed work to attend the trial. Hannah also testified that he and his trial counsel had agreed not to use the testimony of Hannah's brother, John Hannah, because this testimony was "just redundant information." Thus, the decision whether to call these witnesses was a matter of trial strategy and does not support Hannah's claim of ineffective assistance of counsel.

Hannah also claims that defense counsel failed to introduce evidence which would have impeached two of the state's witnesses (the police officer and the victim). At the evidentiary hearing Hannah testified that he had wanted his trial counsel to investigate evidence to impeach the state's witness, a police officer, whose brother was supposedly dating Hannah's ex-wife. Also, Hannah had wanted to introduce evidence concerning a traffic ticket to impeach the victim.

In response to Hannah's claims, the motion court found that:

20. During these meetings [Hannah] provided [Fox] with the names of potential witnesses.

21. That [Fox] interviewed these witnesses and as a matter of trial strategy chose to call some of them but not all of them.

\*    \*    \*    \*    \*    \*

23. That [Hannah] told [Fox] that Maplewood Police Officer Robin Suda had a bias against him because her brother was dating his wife. [Hannah] further told [Fox] that this person worked at the Maplewood Fire Department. [Fox] attempted to verify whether any of [Hannah's] allegations were true by interviewing Hannah's wife and Patrolwoman Robin Suda and both denied the allegations. Further [Fox] contacted the Maplewood Fire Department and determined that Robin Suda's brother did not work there.

\*    \*    \*    \*    \*    \*

26. That as a matter of trial strategy [Fox] chose not to bring out the fact that Hannah had received a traffic ticket prior to the assault.

27. That as a matter of trial strategy [Fox] chose not to call Rachel Reed ... as a witness.

"The motion court is not required to believe the testimony of a movant or any other witness at an evidentiary hearing, even if uncontradicted, and an appellate court must defer to the motion's court determination of credibility." *Childress v. State,* 778 S.W.2d 3, 5 (Mo.App.1989); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). "The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence." *Childress v. State,* 778 S.W.2d *supra* at 5; *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App.1987). Point denied.

Hannah's final contention is that he was not afforded effective assistance of counsel because trial counsel failed to argue contradictions in the physical evidence and the testimony of the state's complaining witnesses in closing arguments that would have demonstrated to the jury the lack of credibility of the complaining witness and demonstrated the weakness of the state's case.

In order to properly respond to this claim, we ordered the closing argument from claimant's prior appeal file. A meticulous review of the closing argument revealed that the claimant's attorney's closing argument contain strong arguments alleging the inconsistencies between the physical evidence and the victim's testimony. Point denied.

We conclude that Hannah has failed the Strickland test: (1) that the work of his defense counsel was deficient and that this deficient performance resulted in prejudice to him. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* 466 U.S. 668 at 694, 104 S.Ct. 2052 at 2068.

Judgment affirmed.

KAROHL and SIMON, JJ., concur.