**Edward D. MOSS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 81837.**

Supreme Court of Missouri,
En Banc.

Jan. 11, 2000.

Rehearing Denied Feb. 8, 2000.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for Respondent.

WHITE, Judge.

Edward Moss was found guilty of robbery in the first degree[1] and was sentenced as a prior offender to serve fifteen years in prison. His conviction was af-

---

1. *See* section 569.020. All statutory references are to RSMo 1994 unless otherwise indicated.

firmed on appeal.[2] Moss then filed a Rule 29.15 motion for post conviction relief, which the motion court denied without a hearing. After opinion by the Court of Appeals, Western District, this Court granted transfer.

In his Rule 29.15 motion, Moss claims his conviction was imposed in violation of his Sixth and Fourteenth Amendment constitutional right to the effective assistance of counsel.[3] In particular, Moss claims 1) trial counsel was ineffective for failing to object to hearsay testimony from prosecution witnesses; 2) trial counsel was ineffective for failing, upon Moss' request, to timely file a written motion for change of venue pursuant to Rule 32.03; and 3) appellate counsel was ineffective for failing to raise the claim on appeal that the trial court erred by sustaining, over trial counsel's objection, the State's motion for leave to endorse two additional witnesses on the first day of trial. We affirm the judgment of the motion court.

## I. Standard Of Review

■ Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous.[4] Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made.[5] To be entitled to an evidentiary hearing, 1) Moss must cite facts, not conclusions, that, if true, would entitle him to relief; 2) the factual allegations must not be refuted by the record; and 3) Moss' claims of error must prejudice him.[6]

## II. Facts

Edward Moss, Quentin Hackley, and Rocky Evans all were charged with robbing Truck Stops of America (T.A.). Rocky pleaded guilty and testified against Moss. Rocky testified that the three men drove to T.A., Quentin alone entered the store, held up the employee Angela Schelp, took the money, and then fled by car with Rocky and Moss. Rocky further testified that after the robbery, the three men returned to Moss' apartment and divided the money among them. Lisa Ikenberry and Jennifer Friedly were sleeping there, and all had been drinking and watching a movie together earlier at the apartment before the robbery. Lisa testified Moss woke her up and told her he had robbed the T.A. Jennifer also testified that Quentin told her about the robbery. Police arrived at the apartment soon thereafter and arrested Moss, Rocky, and Quentin. Police ultimately discovered all the money stolen from the T.A. in Moss' apartment.

## III. Hearsay

■ To establish ineffective assistance of trial counsel, Moss first must "show that counsel's representation fell below an objective standard of reasonableness."[7] Moss also must show "there is reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[8]

■ The first ineffective assistance of counsel claim made by Moss involves similar statements made by two state witnesses at trial. First, Rocky stated that

**2.** *See State v. Moss*, 954 S.W.2d 662 (Mo.App. 1997).

**3.** *See* Rule 29.15(a); *see also* U.S. Const. amends. VI & XIV.

**4.** *See* rule 29.15(k); *see also State v. Taylor*, 929 S.W.2d 209, 224 (Mo. banc 1996).

**5.** *See Taylor*, 929 S.W.2d at 224.

**6.** *See State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

**7.** *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

**8.** *Id.* at 2068.

when they all returned to Moss' apartment, Quentin declared that he had told Jennifer "all about it." Second, Jennifer corroborated Rocky's testimony when she stated that Quentin also separately declared to her that he had robbed the T.A. Moss claims these statements were inadmissible hearsay and that his trial counsel was ineffective by failing to object to them. We disagree. Moss was entitled neither to a hearing nor to relief on the merits on this claim.

■ Trial counsel for Moss was not ineffective for failing to object to Rocky's statement because the statement was admissible under the co-conspirator exception to the hearsay rule.[9] Rocky's statement was that Quentin declared he had told Jennifer "all about it." A "witness may testify to statements of a co-conspirator that show the furtherance of the conspiracy [and] the fact that declarations are made by a conspirator after the crime has been consummated does not necessarily make such declarations inadmissible."[10] Rocky's testimony showed that he, Quentin, and Moss were all co-conspirators. Quentin's declaration that he had told Jennifer "all about it" was made in furtherance of the conspiracy because it was made while the men were dividing the proceeds of the robbery. Furthermore, Quentin continued to assure Rocky and Moss, "[i]t will be all right. She is not going to tell anybody. She is my girlfriend." Quentin's statement that Rocky repeated at trial was also in furtherance of the conspiracy, therefore, in that it was made as part of his efforts to conceal the crime.[11]

■ Moss' ineffective assistance of counsel claim about Jennifer's statement—that Quentin declared he had committed the robbery—is also without merit. Even if Jennifer's statement was inadmissible hearsay, and if trial counsel was deficient by not objecting, Moss was not prejudiced.[12] Quentin's declaration, even if interpreted to implicate Moss in the robbery, did not prejudice Moss because it was cumulative of other evidence properly admitted at trial.[13] For instance, Rocky testified at length about the participation of Moss in the robbery. In addition, Lisa testified that Moss himself admitted to her that he had robbed the T.A.

## IV. Venue

The second ineffective assistance of counsel claim made by Moss involves the failure of his trial counsel to file a Rule 32.03 motion for change of venue. Moss asked his trial counsel to change the venue of his trial from Lafayette County because of substantial pretrial publicity. Nonetheless, trial counsel did not timely file a written Rule 32.03 motion for change of venue. According to Rule 32.03(a),

A change of venue shall be ordered in any criminal proceeding triable by a jury pending in a county having seventy-five thousand or fewer inhabitants upon the filing of a written application therefore by the defendant. In felony and misdemeanor cases the application must be filed not later than ten days after the initial plea is entered. The defendant need not allege or prove any reason for change.

---

9. *See Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987).

10. *State v. Clay*, 975 S.W.2d 121, 132 (Mo. banc 1998).

11. *See id.* ("If a conspiracy continues for a purpose such as concealing the crime ... the admissions of one co-conspirator are admissible against the other....")

12. *See Strickland*, 104 S.Ct. at 2068 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

13. *See State v. Roberts*, 948 S.W.2d 577, 593 (Mo. banc 1997) (holding no prejudice because inadmissible bad acts evidence was cumulative of other evidence properly admitted at trial).

Moss claims counsel was ineffective by failing to file this Rule 32.03 motion, that he was presumptively and actually prejudiced thereby, and that the motion court clearly erred by denying his motion without an evidentiary hearing. We disagree.

### A. Actual Prejudice

■ Moss was not actually prejudiced by counsel's failure to file a Rule 32.03 motion, regardless of whether counsel was constitutionally ineffective thereby.[14] Moss claims he was prejudiced by the substantial pretrial publicity surrounding his case and that he and his co-defendants were "notorious criminal figures in the community." Moss claims the record shows that, during voir dire, "at least fifteen members of the venire panel said that they knew Mr. Moss or one of his co-defendants, that they had heard about the case in the media, or that they had heard about the case from friends or family."

These claims of prejudice, however, are refuted by the record, which shows Moss had an unbiased jury.[15] Of his twelve jurors, only four had ever heard about the charged offense, either from the media or from their friends or family, and these four said they had only a vague recollection of the events. All four also said they could be fair and impartial and reach a conclusion based solely on the evidence presented in court.[16] Furthermore, none of the twelve jurors indicated they knew Moss or his co-defendants.

■ Nor does the record support Moss' claim that the entire venire panel was tainted by responses given by two venirepersons stricken for cause. One stricken venireperson lived in co-defendant Quentin's neighborhood and said of him, "I just know what that kid can be like." Another said she knew both co-defendants through church because her husband had visited them in jail. While these statements could be construed as derogatory toward Moss, their meaning is ambiguous, and they do not support a finding that the entire venire panel was tainted. More importantly, as noted above, Moss' claim of actual prejudice is refuted by the record that shows the twelve persons on his jury were impartial.[17]

### B. Presumptive Prejudice

■ Moss also was not presumptively prejudiced by trial counsel's failure to file a Rule 32.03 motion. It is reversible error for a trial judge to deny a timely filed Rule 32.03 motion for change of venue, and trial counsel might be deficient by failing to file it. Defendants are not presumptively prejudiced, however, by trial counsel's failure to file a Rule 32.03 motion. Rule 32.03 does not create any presumption that a defendant cannot receive a fair trial in counties having seventy-five thousand or fewer inhabitants. It merely recognizes a defendant's ability to secure a fair trial in small counties is often contested and affords a defendant the right to change venue as a matter of convenience.[18] If Rule

14. *See Strickland, supra* note 12.

15. *See supra* text accompanying note 6.

16. *See Patton v. Yount,* 467 U.S. 1025, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984) ("The relevant question is not whether the community remembered the case, but whether the jurors at [defendant]'s trial had such fixed opinions that they could not judge impartially the guilt of the defendant.")

17. *See State v. Pierce,* 927 S.W.2d 374, 377 (Mo.App.1996) ("To be entitled to a presumption of prejudice resulting from defense counsel's ineffective assistance during the jury selection process, a post-conviction movant

must show that a biased venireperson ultimately served as a juror.").

18. The rationale behind Rule 32.03 is similar to that for the right to a change of judge under Rule 32.07. "Prior to the present Rules, in order to disqualify a judge on the ground of prejudice it was necessary to allege prejudice on the part of the judge to obtain a disqualification. This was a cumbersome procedure. The Supreme Court wisely and appropriately removed from the Rules any reference to the term 'prejudice' and provided simply that any party is entitled to a change of judge upon request, thus avoiding the cumbersome arena of alleging prejudice with all

32.03 did create such a presumption, then it would be inconsistent to provide a ten-day limit on a defendant's ability to change venue as a matter of right. Indeed, after ten days from the day the plea is entered, defendant must show good cause for a change in venue under Rule 32.04. Finally, even if Rule 32.03 did create such a presumption, the record in this case shows Moss was tried by an impartial jury; therefore, any presumption has been rebutted.

In addition, we do not find the cases in which Missouri courts have presumed prejudice to be persuasive of Moss' claim that he was presumptively prejudiced. In *Presley v. State*, the court of appeals decided prejudice to the defendant was presumed by counsel's failure to strike for cause a juror who, by her own admission, was biased.[19] The court did not require defendant to show the juror was actually prejudiced because it found "prejudice in these circumstances is so likely that case-by-case inquiry into prejudice is not worth the cost."[20] Unlike *Presley*, however, Moss has not shown that his counsel allowed any biased jurors to remain on his jury. Also unlike *Presley*, we do not find any potential prejudice from counsel's failure to file a Rule 32.03 motion so likely that a case-by-case inquiry into actual prejudice is wasteful.

Moss also cites *State v. Cella*, in which the court of appeals found it plain error for the trial judge to refuse to recuse himself pursuant to defendant's timely Rule 32.07 motion for a change of judge.[21] The court granted defendant a new trial in *Cella* because it found the trial judge, upon defendant's motion, was without jurisdiction to do anything other than transfer the case. Thus, defendant's conviction was reversed because the trial court had no jurisdiction to conduct the trial. *Cella* is not

persuasive because, unlike in the instant case, prejudice to the defendant was not at issue.

## V. Leave To Endorse Additional Witnesses

 The final claim made by Moss in his Rule 29.15 motion is that his appellate counsel was ineffective. Trial counsel requested the State's witness list under Rule 25.03 in December. Five days before trial in May, the State notified Moss of two additional witnesses, and it was the first Moss learned that these people had knowledge of the case. On the first day of trial, the State filed and the trial court sustained a motion for leave to endorse these witnesses. Trial counsel objected and preserved the claim for appeal. Appellate counsel, however, did not raise it on appeal. Moss argues the trial court erred by sustaining this motion and claims appellate counsel was ineffective for not raising the issue on appeal. We disagree.

 The standard for deciding claims of ineffective assistance of appellate counsel is explained in *Reuscher v. State*, as follows:

> To support a [Rule 29.15] motion due to ineffective assistance of appellate counsel, strong grounds must exist showing that counsel failed to assert a claim of error which would have required reversal had it been asserted and which was so obvious from the record that a competent and effective lawyer would have recognized it and asserted it. The right to relief ... due to ineffective assistance of appellate counsel inevitably tracks the plain error rule; *i.e.*, the error that was not raised on appeal was so substantial as to amount to a manifest injustice or a

its peripheral ramifications." *State v. Cella*, 976 S.W.2d 543, 551 (Mo.App.1998) (quoting *State v. Hornbuckle*, 746 S.W.2d 580, 585–586 (Mo.App.1988)).

**19.** 750 S.W.2d 602, 605–609 (Mo.App.1988).

**20.** *Id.* at 607 (quoting *Strickland*, 104 S.Ct. at 2067).

**21.** 976 S.W.2d at 552.

miscarriage of justice.[22]

We reject Moss's claim because we conclude the trial court did not err by sustaining the State's motion for leave to endorse these additional witnesses.

 The trial court has broad discretion to permit the late endorsement of additional witnesses.[23] To determine whether the trial court erred by abusing its discretion, the following factors are among those we consider:

(1) Whether the defendant waived the objection;

(2) Whether the state intended surprise or acted deceptively or in bad faith, with the intention to disadvantage the defendant;

(3) Whether in fact defendant was surprised and suffered any disadvantage; and

(4) Whether the type of testimony given might readily have been contemplated.[24]

Although Moss admits he received notice five days before trial of the State's intent to call both witnesses, he offers no reason why he was unable to interview them and prepare. Moss also did not request a continuance for additional time in which to prepare for these witnesses. Therefore, we find neither that the State intended surprise, nor that defendant, in fact, was surprised or disadvantaged by the decision of the trial court to endorse both witnesses. Consequently, appellate counsel was not ineffective for not raising this claim on appeal.

## VI. Conclusion

The judgment of the motion court is affirmed.

All concur.

**22.** 887 S.W.2d 588, 591 (Mo. banc 1994) (internal citations omitted).

**23.** *See State v. Chaney,* 967 S.W.2d 47, 57 (Mo. banc 1998).

**24.** *See id.*