## Johnnie BURTON, Movant/Appellant,

v.

## STATE of Missouri, Defendant/Respondent.

### No. ED 78861.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 4, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 2002.

Application for Transfer Denied
March 19, 2002.

Deborah Wafer, Assistant Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Assistant Attorney General, Jefferson City, MO, for Respondent.

SHERRI B. SULLIVAN, Presiding Judge.

### Introduction

Johnnie Burton (Movant) appeals from a judgment denying his request for post-conviction relief under Rule 29.15[1] following a limited evidentiary hearing.[2] Movant claims ineffective assistance of trial and appellate counsel. We affirm.

### Factual and Procedural Background

In May 1997, Movant was charged by indictment with first-degree robbery, a class A felony in violation of Section 569.020,[3] first-degree assault, a class B felony in violation of Section 565.050, and two counts of armed criminal action, a felony in violation of Section 571.015. The charges stemmed from an incident that

---

1. All rule references are to Mo. R.Crim. P.2001, unless otherwise indicated.

2. The motion court granted Movant's request for an evidentiary hearing only with regard to one claim raised in his Rule 29.15 motion. That claim is not a subject of this appeal.

3. All statutory references are to RSMo.2000, unless otherwise indicated.

occurred at a Stop & Save store on December 2, 1996. In November 1997, after a three-day trial in which Movant's primary defense was alibi, the jury convicted Movant as charged. The trial court sentenced Movant to ten years' imprisonment for the first-degree robbery conviction, fifteen years' imprisonment for the first-degree assault conviction, and three years' imprisonment for each of the armed criminal action convictions, with the sentences to run concurrently. This Court affirmed Movant's conviction and sentence in a per curiam order. *State v. Burton,* 982 S.W.2d 820 (Mo.App. E.D.1998).

Subsequently, Movant filed a motion for post-conviction relief under Rule 29.15, claiming ineffective assistance of trial and appellate counsel. The motion court issued findings of fact and conclusions of law and denied the motion after a limited evidentiary hearing. The motion court entered its Order and Judgment (Judgment) on October 5, 2000. Movant appeals from this Judgment.

*Standard of Review*

 Appellate review of the motion court's action on a post-conviction motion filed under Rule 29.15 is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings and conclusions are clearly erroneous if a review of the entire record leaves us with the impression that a mistake has been made. *State v. Storey,* 901 S.W.2d 886, 900 (Mo. banc 1995). The findings and conclusions of the motion court are presumed to be correct. *Huth v. State,* 976 S.W.2d 514, 516 (Mo.App. E.D. 1998).

The Sixth Amendment to the United States Constitution, applicable to the states by the Fourteenth Amendment, guarantees an accused in a state criminal proceeding not only the right to the assistance of counsel, but the right to effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Luckett v. State,* 845 S.W.2d 616, 617 (Mo.App. E.D.1992).

 To obtain post-conviction relief on a claim of ineffective assistance of counsel, a movant must prove by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Sidebottom v. State,* 781 S.W.2d 791, 795 (Mo. banc 1989). We need not address both components of the inquiry if the movant makes an insufficient showing on one. *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 796.

 To prove deficiency, a movant must show that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 795. Counsel is presumed competent. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 796. Counsel's challenged acts or omissions are presumed to be proper and reasonable trial strategy. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 796. We evaluate the challenged conduct from counsel's perspective at the time. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

 To prove prejudice, a movant must show that, but for counsel's deficient performance, there was a reasonable probability that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Sidebottom,* 781 S.W.2d at 796. A reasonable probability is a probability sufficient to

undermine confidence in the outcome. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052.

■ In addition to the requirements for proving ineffective assistance of counsel set out in *Strickland,* to specifically prove ineffective assistance of appellate counsel, a movant must show that strong grounds exist showing that appellate counsel failed to assert a claim of error that (1) would have required reversal if it had been asserted and (2) was so obvious from the record that a competent and effective appellate attorney would have ·recognized and asserted it. *State v. Edwards,* 983 S.W.2d 520, 522 (Mo. banc 1999).

## Discussion

■ In his point on appeal, Movant argues that the motion court clearly erred in denying his Rule 29.15 motion because both trial counsel and appellate counsel were ineffective. Movant claims that trial counsel was ineffective for failing to object to (1) the State's cross-examination of Ja-Don Hancock (Hancock) regarding Movant's failure to ask Hancock to tell the police that Movant was with Hancock at the time of the offense and (2) the State's closing argument reiterating Movant's failure to ask Hancock to tell the police that Movant was with Hancock at the time of the offense. Movant claims that appellate counsel was ineffective for failing to raise as plain error the State's use of Movant's silence about his alibi defense to discredit and to impeach that defense.[4]

Hancock was Movant's "good friend." Hancock visited Movant at the Gumbo Correctional Center four times after Movant's arrest,[5] as well as spoke with Movant on the telephone once. After cross-examining Hancock about his failure to tell the

police that Movant was allegedly with him at his house at the time of the offense, the prosecutor continued with the following:

Q. So you knew when you went out to Gumbo on January 8th of 1997 that one of your best friends here was being held for that offense that he was arrested for the last time you were with him; correct?

A. Yes.

. . . .

Q. Was he ever yelling and screaming at you saying "I was with you. Why don't you go tell somebody"? On January 8th when you visited him was he just yelling and screaming at you saying, "You go tell someone I was with you because I couldn't have been there doing that robbery"? Was he doing that?

A. No.

Q. He didn't say anything?

A. No, he—never he didn't do that.

Q. Don't you think it would be normal for someone in his position—

[Defense Counsel]: I'm going to object. It calls for a conclusion, Your Honor.

The Court: I'm going to sustain that objection.

Q. Sir, if you were in jail for something you said you didn't do and there was somebody who could clear you of that offense, and if you were talking to them wouldn't you tell them to go tell somebody so you could get out of jail?

A. Would I?

Q. Yes.

A. Yes. Yes, I would.

---

4. We note that Movant does not request an evidentiary hearing, but rather, he asks us to reverse and to remand for a new trial.

5. Movant was arrested several days after the offense, around December 6, 1996.

Q. But he didn't do that in this case; did he?

A. I never really had the chance—I mean, I went to visit him, but it's not like we really ever talked about that.

Q. You don't talk about anything?

A. No, when I went I had other people with me. They didn't know what he was in there for so I didn't feel I should tell them.

Q. If you were in jail and there were other people with you—or strike that. There were other people with the guy that was visiting you, maybe your girlfriend and your sister or people you know, if you knew you were innocent and that person was, regardless of who they were with, wouldn't you tell them, "You need to go to the police. You need to tell somebody about this"? Wouldn't you do that even if they were with somebody else you knew?

A. I would have, but I don't think going to the police would have done any good.

Q. Well, in this case, police aside, he didn't do that when you went out to visit him on that first visit at Gumbo; did he?

A. I didn't hear you.

Q. Police aside, everything else aside from why you didn't tell the police on your first visit with him on January 8th, 1997, he didn't implore you or beg you to go tell the police or anyone else that he was with you; did he?

A. No.

During his closing argument, the prosecutor made the following comments regarding his cross-examination of Hancock:

The most important thing, though, their witnesses are lying. And look at the reasonableness of their testimony in light of all the evidence. His best friend is there when he gets arrested. He knows when it happened. He was in the jail with him on January 8th visiting him. He never told him to tell anybody about this. That's unreasonable. If he was innocent and he was there he would have been screaming, "Get me out of here. I didn't do this." He didn't do that.

He never told anybody about this until a month before trial. This guy is locked up for 11 months. He never told anybody. And the other thing they're lying about that is unreasonable is that they didn't discuss the case. They're best friends. He's there when he gets locked up. They didn't discuss this case, that's a lie.

Addressing the claims raised in this point in its Judgment, the motion court found:

Trial counsel does not have a duty to make nonmeritorious objections. The matter raised on cross-examination was proper. Movant's trial counsel raised the issue on JaDon Hancock's direct examination by asking Mr. Hancock if he ever went to the police with the information that he was with Movant on the night of the offense. . . . . Despite Movant's contention, the cross-examination and the closing argument do not amount to a comment upon Movant's post-arrest silence. Movant's argument is misplaced because there is no evidence that the State was cross-examining an agent of the State about Movant's silence after Movant had asserted his right to remain silent. The State was entitled to ask JaDon Hancock, a lay person, about any matters discussed with Movant that were within the proper scope of cross-examination. The State's argument was proper because the State is entitled to argue reasonable inferences and the rea-

sonableness of testimony in light of all the evidence.

The motion court further found that Movant's claims on this issue regarding appellate counsel failed "for the same reasons set forth above. The State's cross-examination of JaDon Hancock and its closing argument fail to amount to comments on post-arrest silence."

■ We must first determine if the prosecutor's questions to Hancock during cross-examination and the prosecutor's comments during his closing argument referencing Hancock's replies were improper. To that end, we must determine if the prosecutor's questions and comments dealt with Movant's post-arrest silence. Missouri cases have enforced a defendant's right not to have his post-arrest silence used against him where the defendant is questioned by police officers or other State actors shortly after the defendant is arrested and read his *Miranda*[6] rights. *State v. Mahan*, 971 S.W.2d 307, 314 (Mo. banc 1998) (citing examples of such cases).

We conclude that the prosecutor's questions and comments did not deal with Movant's post-arrest silence, and thus they were proper. Assuming that the conversation between Movant and Hancock, to which the cross-examination and closing argument refer, occurred after Movant was advised of his *Miranda* rights, Movant's silence occurred not in response to questions by police officers or other State actors, but as part of a conversation with a private individual. The record does not indicate that Hancock acted as an agent of the State. *See State v. Perkins*, 753 S.W.2d 567, 570 (Mo.App. E.D.1988). The prosecutor's questions to Hancock did not inquire about a conversation that Movant had with an agent of the State during an interrogation or the functional equivalent

thereof. *See id.* at 571. Under these circumstances, we find that the prosecutor's cross-examination of Hancock and the prosecutor's closing argument did not violate Movant's right to silence. *See State v. Santillan*, 1 S.W.3d 572, 579–580 (Mo.App. E.D.1999).

Further, we analogize these circumstances to testimony by a "neutral fellow inmate." *See United States v. Henry*, 447 U.S. 264, 274 n. 13, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); *Tate v. State*, 675 S.W.2d 89, 91 (Mo.App. E.D.1984). The State did not intentionally create a situation likely to induce Movant to make incriminating statements or to remain incriminatingly silent. *See Henry*, 447 U.S. at 274, 100 S.Ct. 2183. The record does not suggest that the State asked Hancock to converse with Movant or that Hancock was functioning as an instrument of the police. *See Perkins*, 753 S.W.2d at 572.

■ Trial counsel will not be found ineffective for failing to make meritless objections. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998). In light of our analysis above, an objection by trial counsel to the cited portions of the prosecutor's cross-examination of Hancock and the prosecutor's closing argument would have been meritless. Thus, trial counsel was not ineffective for failing to make such objections.

We also find that trial counsel's failure to object could be considered reasonable trial strategy. Counsel may have believed that Hancock's testimony could benefit Movant in that the jury could conclude that, because Movant did not persuade Hancock to come forward with an alibi story, Hancock's testimony regarding the alibi was truthful. It also follows, then, that appellate counsel was not ineffective for not raising as plain error the lack of

6. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

objections as reversal would not have been warranted.

*Conclusion*

Our review of the entire record leaves us with no impression that a mistake has been made. Accordingly, the motion court did not clearly err in denying Movant's motion for post-conviction relief under Rule 29.15. The Judgment of the motion court is affirmed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.

