**Mark BOYD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 80543.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 1, 2002.

Craig Allan Johnson, Assistant Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck. K. Burgess, Assistant Attorney General, Jefferson City, for Respondent.

GLENN A. NORTON, Judge.

Mark Boyd appeals the order denying his Rule 29.15[1] motion without an evidentiary hearing. He contends that trial counsel was ineffective for failing to move to strike a juror, for failing to preserve an error for appellate review, for not calling a witness and for not objecting to a jury instruction. Boyd further contends that his appellate counsel was ineffective for failing to raise certain errors on appeal and that his post-conviction counsel abandoned him. We affirm.

## I. BACKGROUND

The facts must be viewed in the light most favorable to the verdicts. *Rousan v. State*, 48 S.W.3d 576, 579 (Mo. banc 2001). Boyd, who was twenty-nine years old, lived with his mother. Kyunia Taylor, fourteen years old, lived next door with her family. Taylor had a vision impairment that required her to attend special classes in

---

1. All rule references are to the Missouri Supreme Court Rules (2001).

school. Boyd had sex with Taylor, and Taylor became pregnant. Taylor's mother found out that Taylor was pregnant and told Boyd that after the baby was born they would conduct paternity tests and press charges against Boyd if he was the father. Boyd was already making child support payments for two children and was faced with allegations of paternity for a third child from another woman. Boyd and one of his friends were discussing the situation when Malik Nettles approached and told Boyd that he could "take care of" Taylor. Testimony was given at trial that Boyd was later seen speaking with Nettles again, and that Nettles returned to his car after this later conversation with $2,000 in cash.

One day after Taylor boarded a school bus for disabled students, an individual got on the bus, shot the bus driver three times, and then shot Taylor six times. Taylor died from the gunshot wounds. She was six-months pregnant at the time. Her baby was delivered by Cesarean section, but later died from extensive brain damage. The bus driver survived, but was unable to identify the shooter due to the stress of the incident.

Shortly after the shooting Michael Durley and Randy Wilkes made a series of out-of-court statements implicating themselves and each other in the shooting. Durley and Wilkes told Wilkes's brother how they had committed the shooting, and he recounted the statements to the police. Durley made three other confessions to the police. There were several inconsistencies among all of the statements and between these statements and the statements given by eyewitnesses to the crime. Ultimately, the police concluded that there was not sufficient evidence to charge Durley or Wilkes for the shooting.

Nettles was later arrested on an unrelated charge. The police recovered a gun from Nettles that was matched to the gun that was used in the school bus shooting, and Nettles was then arrested for the shooting of Taylor. After a jury trial, Nettles was convicted and this Court affirmed. *State v. Nettles*, 10 S.W.3d 521 (Mo.App. E.D.1999).

Boyd was also arrested and charged with one count of murder in the first degree, one count of felony murder in the second degree, one count of assault in the first degree, and three counts of armed criminal action for hiring Nettles to kill Taylor. A jury convicted Boyd of one count of murder in the second degree, one count of felony murder in the second degree, and two counts of armed criminal action. On direct appeal, this Court affirmed. *State v. Boyd*, 992 S.W.2d 213 (Mo.App. E.D.1999). Boyd filed a motion for post-conviction relief under Rule 29.15, which the motion court denied without a hearing. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

■■■■ Appellate review of a ruling on a motion for post-conviction relief "shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k); *Rousan v. State*, 48 S.W.3d 576, 581 (Mo. banc 2001). "Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The movant must prove his claims by a preponderance of the evidence. Rule 29.15(i).

■■■■ To succeed on an ineffective assistance of counsel claim, a movant must prove that his "counsel's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable proba-

bility that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rousan,* 48 S.W.3d at 581 (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). We presume that the trial counsel's performance was reasonable and was not ineffective. *Clayton v. State,* 63 S.W.3d 201, 206 (Mo. banc 2001). Reasonable decisions regarding trial strategy cannot be the basis for an ineffective assistance of counsel claim. *Id.*

◼ The movant is only entitled to an evidentiary hearing on a motion for post-conviction relief for ineffective assistance of counsel if: (1) the movant alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Morrow v. State,* 21 S.W.3d 819, 822–823 (Mo. banc 2000); *Giaimo v. State,* 41 S.W.3d 49, 51 (Mo. App. E.D.2001).

**B. Failure of Trial Counsel to Move to Strike Venireperson and of Appellate Counsel to Raise Improper Jury Selection on Appeal**

◼ In Point I, Boyd alleges that his trial counsel was ineffective for failing to move to strike Venireperson Rice from the jury panel. During voir dire, the State questioned certain people who had not revealed on their questionnaires that they had arrest records, but who the State believed had such records. During this questioning, Rice was called to the bench. In a sidebar examination by the court, Rice stated that he had been arrested for burglary because he was "with the guy that did it." Rice said that he was placed on probation, but "never went to court for it." When asked if he ever stood in front of a judge and pled guilty to the crime, Rice responded, "no." Rice stated that he had been on probation for five years and "was off in '85."

◼ Improper jury selection may be advanced for the first time under Rule 29.15 if the movant can show that he had no knowledge of the improper jury selection process until after his trial. *Smith v. State,* 684 S.W.2d 520, 522 (Mo.App. E.D. 1984); *State v. Pierce,* 927 S.W.2d 374, 377 (Mo.App. W.D.1996). Even then, the movant still must show that "counsel's performance 'fell below an objective standard of reasonableness' and that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Rousan,* 48 S.W.3d at 581 (quoting *Strickland,* 466 U.S. at 688, 104 S.Ct. 2052).

◼ The decision to strike a venireperson is generally a matter of trial strategy. *State v. Shaw,* 945 S.W.2d 590, 592 (Mo.App. E.D.1997). Reasonable decisions regarding trial strategy cannot be the basis for an ineffective assistance of counsel claim. *Clayton,* 63 S.W.3d at 206. Further, the trial court has broad discretion to determine whether or not prospective jurors are qualified. *State v. Johnston,* 957 S.W.2d 734, 746 (Mo. banc 1997). The movant must show that the failure to object to improper jury selection procedures affected the fairness of a criminal trial. *See State v. Loazia,* 829 S.W.2d 558, 569–570 (Mo.App. E.D.1992).

In this case, there is nothing in the record to indicate that counsel's failure to move to strike Rice affected the fairness of Boyd's trial. Rice had been on probation, but not since 1985. According to Rice, he never stood before a judge to plead guilty to a crime. Based on this information, the court believed that Rice was eligible to serve as a juror. Nothing in the record shows Rice's presence on the jury prejudiced Boyd in any way. As a result, the fairness of Boyd's trial was not affected.

Boyd further contends that his appellate counsel was ineffective for failing to raise improper jury selection on appeal. To assert a claim of ineffective assistance of appellate counsel, a movant must meet the general requirements of *Strickland,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Moss,* 10 S.W.3d at 514 (citing *Reuscher v. State,* 887 S.W.2d 588, 591 (Mo. banc 1994)); *Burton v. State,* 68 S.W.3d 490, 494 (Mo.App. E.D.2001). In addition, a movant must show that the error that appellate counsel did not raise would have required reversal if it had been asserted. *See Moss,* 10 S.W.3d at 514 (citing *Reuscher,* 887 S.W.2d at 591); *Burton,* 68 S.W.3d at 494. The error must be so obvious from the record that a competent and effective appellate attorney would have recognized and asserted it. *See Moss,* 10 S.W.3d at 514 (citing *Reuscher,* 887 S.W.2d at 591); *Burton,* 68 S.W.3d at 494. The point of error not raised on appeal must be so substantial as to amount to a manifest injustice or a miscarriage of justice. *Moss,* 10 S.W.3d at 514–515 (citing *Reuscher,* 887 S.W.2d at 591).

Trial counsel was not ineffective for failing to move to strike the juror. For the same reasons, this alleged error would not have required reversal on appeal. Thus, appellate counsel was not ineffective for failing to raise the error. The judgment of the motion court is not clearly erroneous.

Point I is denied.

## C. Failure of Trial Counsel to Preserve Error Relating to Exclusion of Other Suspects' Statements and of Appellate Counsel to Raise Plain Error on Appeal

In Point II, Boyd alleges that his trial counsel was ineffective for failing to preserve for appeal the exclusion of statements made by other potential suspects. Before trial, the State brought a motion in limine to exclude the inculpatory statements. Trial counsel made proper objec-

tions and a detailed offer of proof at the hearing on the State's motion and raised the issue again in Boyd's motion for new trial. But trial counsel never raised the matter during trial, and thus the matter was not preserved for appeal. Boyd contends that his trial counsel was ineffective for failing to preserve this issue.

Whether or not the trial court erred in excluding these statements was addressed by this Court on direct appeal. *State v. Boyd,* 992 S.W.2d 213 (Mo.App. E.D.1999). This Court found that the claim was not preserved for review and, in the exercise of its discretion, declined to review the matter as plain error. *Id.* at 218.

An issue that has been considered on direct appeal cannot be reconsidered in a post-conviction proceeding by transforming it into an ineffective assistance of counsel claim. *Hannah v. State,* 816 S.W.2d 1, 3 (Mo.App. E.D.1991). "[I]n most cases, an error that is not outcome-determinative on direct appeal will also fail to meet the *Strickland* test." *Deck v. State,* 68 S.W.3d 418, 428 (Mo. banc 2002). The question is whether the case before us falls "within this limited range of cases in which plain error did not exist, but *Strickland* prejudice is present because 'counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* at 429 (citing *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052). We find nothing in the record to show that counsel's performance "undermined the proper functioning" of Boyd's trial.

Boyd further contends that his appellate counsel was ineffective for failing to request plain error review of the exclusion of the statements. A point of error not raised on appeal must be so substantial as to amount to a manifest injustice or a miscarriage of justice. *Moss,* 10 S.W.3d at

514–515. In the exercise of its discretion, this Court chose not to grant plain error review on direct appeal concerning the exclusion of the other suspects' statements. We find nothing in this case to show that this point of error amounted to a manifest injustice or a miscarriage of justice. Failing to request plain error review of this point did not "undermine the proper functioning" of Boyd's appeal.

Point II is denied.

### D. Failure of Trial Counsel to Call Lamont Galiday As a Witness

 In Boyd's third point, he alleges that trial counsel was ineffective for not calling Lamont Galiday as a witness at trial. Boyd alleges that Galiday would have testified that he was walking his dogs in the vicinity of the shooting and that the first person he saw running from the area where the shooting occurred was Durley. Galiday had testified in Nettles's trial. His testimony was discussed during the hearing on the state's motion in limine to exclude the statements. Boyd's trial counsel stated during the hearing that Galiday was "not a particularly spectacular witness but he has to say what he has to say and basically he says I was in the neighborhood, I saw somebody running from the direction of the bus and, you know, it wasn't Malik Nettles." Even though the court granted the motion in limine, excluding evidence of another perpetrator, the trial court stated that it would allow Galiday to testify that he had seen someone else besides Nettles. Counsel never called Galiday to testify.

 Trial counsel's decision not to call a witness is presumed to be trial strategy unless clearly shown to be otherwise. *Bucklew v. State,* 38 S.W.3d 395, 398 (Mo. banc 2001); *State v. Clay,* 975 S.W.2d 121, 143 (Mo. banc 1998). The decision to not call a witness is therefore " 'virtually unchallengeable' as a claim of ineffective assistance of counsel." *State v. Link,* 25 S.W.3d 136, 149 (Mo. banc 2000) (quoting *Leisure v. State,* 828 S.W.2d 872, 875 (Mo. banc 1992)). To support a claim of ineffective assistance of counsel for failure to call a witness, the movant must show that the witness was available to testify, would testify if called, and would provide a viable defense through his testimony. *Bucklew,* 38 S.W.3d at 398.

We find nothing in the record to overcome the presumption that the decision to not call Galiday was anything but trial strategy. Counsel took reasonable steps in investigating Galiday as a possible witness and argued successfully to be allowed to call him. However, it is clear from the record that in the end counsel decided not to call Galiday as a matter of trial strategy because he was "not a particularly spectacular witness."

Point III is denied.

### E. Failure of Trial Counsel to Object to Second Degree Murder Instruction

 In his fourth point, Boyd asserts that trial counsel was ineffective for not specifically objecting to the submission of a second degree murder instruction concerning the shooting of Taylor. Further, Boyd states that trial counsel should have included this claim in his motion for new trial. Boyd alleges that the evidence showed that he either deliberated on the murder, making him guilty of first degree murder, or he was not guilty at all.

On direct appeal, this Court found this point of error to be wholly without merit. *Boyd,* 992 S.W.2d at 217. Thus, this issue cannot be relitigated under an ineffective assistance of counsel claim. *See Hannah,* 816 S.W.2d at 3.

Point IV is denied.

**H. Abandonment of Post–Conviction Counsel**

We find Boyd's fifth point to be wholly without merit. Extended discussion of it would have no precedential value. Accordingly, Point V is denied under Rule 84.16(b).

### III. CONCLUSION

The judgment is affirmed.

WILLIAM H. CRANDALL, P.J., and SHERRI B. SULLIVAN, J., concurring.