

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DAVID R. ALEXANDER, | ) | No. ED106515 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Christopher E. McGraugh |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 29, 2019 |

## Introduction

David R. Alexander ("Alexander") appeals the motion court's dismissal with prejudice of his motions to strike his Rule 29.15[1] amended motion for post-conviction relief as untimely, to proceed pro se, and to inquire into abandonment. We dismiss the appeal for lack of subject matter jurisdiction.

## Procedural History

In 1997, a jury convicted Alexander of murder in the first degree and armed criminal action. Alexander was sentenced as a prior and persistent offender to consecutive terms of twenty years and life in prison. We affirmed Alexander's conviction on direct appeal. State v. Alexander, 990 S.W.2d 209, 209 (Mo. App. E.D. 1999). Subsequently, Alexander moved for

---

[1] All rule references are to Mo. R. Crim. P. (1997). We note the timeliness calculation of the amended motion in Rule 29.15(g) remains unchanged.

post-conviction relief under Rule 29.15, claiming trial counsel was ineffective for failing to strike a juror for cause. The motion court denied the motion for post-conviction relief without an evidentiary hearing, and we affirmed the motion court's judgment on appeal. Alexander v. State, 29 S.W.3d 398, 398 (Mo. App. E.D. 2000).

Over the next eighteen years, Alexander made numerous motions and appeals opposing the denial of post-conviction relief. Not including his initial post-conviction appeal in 2000, Alexander has challenged his post-conviction proceedings five times before this Court.[2] As the motion court described in its December 2017 order, "[Alexander] has filed multiple frivolous motions expressing dissatisfaction with the outcome of his criminal trial and Rule 29.15 proceedings."

Among other filings, Alexander moved to "redocket" and reopen his post-conviction proceedings based on alleged abandonment by post-conviction counsel due to untimely filing of the Rule 29.15 amended motion. The motion court denied the motion, and Alexander appealed. We dismissed the appeal for lack of jurisdiction, noting that the "assertions in [Alexander's] motion do not fall within the narrow category of cases showing abandonment by post-conviction counsel. Accordingly, it does not appear the motion court had jurisdiction [over Alexander's] motion and therefore, this Court would lack jurisdiction to consider [Alexander's] appeal." Alexander v. State, No. ED88438 (Mo. App. E.D. 2006) (internal citations omitted).

Alexander also moved to reopen his pro se Rule 29.15 motion, to reopen post-conviction proceedings for good cause under Rule 75.01, to set aside judgment under Rule 74.06(b)(4) (affirmed on appeal), and to set aside judgment under Rule 84.06(b) (affirmed on appeal), and he further filed a petition for a writ of mandamus (denied 2010). The motion court denied and

---

[2] 2006 (ED 88438), 2010 (ED94764 writ), 2017 (ED105298), 2018 (ED77804), and the current appeal (ED106515).

dismissed the motions before it and repeatedly professed that it lacked jurisdiction because post-conviction relief proceedings were final.

Turning to the subject of this appeal, Alexander filed a motion in March 2017 claiming abandonment by post-conviction counsel due to untimely filing of the amended motion. The motion court dismissed with prejudice on March 29, 2017, noting Alexander repeatedly filed "frivolous" motions claiming abandonment and that the motion court no longer retained jurisdiction. Alexander began the appeals process for this denial, then continued to make further motions before the motion court. In particular, in May 2017, Alexander moved to strike the amended motion and to proceed pro se. The motion court held a hearing and then denied the motion on July 19, 2017, reiterating that the denial of post-conviction relief was final and the motion court lacked authority to entertain the motion.

Alexander continued to file motions with the motion court. On December 5, 2017, Alexander again moved to strike the amended motion as untimely and to allow him to proceed pro se, and he also moved to file an untimely motion for post-conviction relief based on abandonment under Rule 29.15(g). The motion court dismissed the motions with prejudice, following our December 2017 mandate affirming the motion court's refusal to set aside judgment under Rule 84.16(b).

Finally, we note that Alexander has brought two motions before this Court to recall our initial post-conviction mandate, both of which we denied. In our most recent denial in 2018, we explained that (1) "even if the assertion that the amended motion were untimely were true, appellant cites no authority that is grounds to recall the mandate in these circumstances" and (2) "the assertion the amended motion was untimely is without merit." Alexander v. State, No. ED77804 (Mo. App. E.D. 2018).

3

Alexander now appeals from two motion court judgments: (1) the motion court's March 2017 dismissal with prejudice of his motion claiming abandonment by post-conviction counsel due to untimely filing of the amended motion, and (2) the motion court's July 2017 dismissal with prejudice of his motion to strike the amended motion and to proceed pro se.

Discussion

We must first sua sponte address whether we have jurisdiction over Alexander's claims. Sittner v. State, 405 S.W.3d 635, 636 (Mo. App. E.D. 2013). "Subject matter jurisdiction refers to the power of a court to hear and determine cases of the general class or category to which the proceedings in question belong." Noakes v. Noakes, 168 S.W.3d 589, 597 (Mo. App. W.D. 2005). Additionally, we are precluded from reconsidering the same issue multiple times on appeal. See Boyd v. State, 86 S.W.3d 153, 159 (Mo. App. E.D. 2002) (citing Hannah v. State, 816 S.W.2d 1, 3) (Mo. App. E.D. 1991)).

This appeal is virtually a recitation of Alexander's 2006 appeal alleging abandonment by post-conviction counsel due to untimely filing of the Rule 29.15 amended motion. See Alexander, No. ED88438. Given that we have already reviewed Alexander's claim of abandonment, we may not reconsider the same issue. See Boyd, 86 S.W.3d at 159 (citing Hannah, 816 S.W.3d at 3).[3] Moreover, we held then that we lacked jurisdiction over the appeal, and we hold so again today.

---

[3] Even if we were to review timeliness again, post-conviction counsel timely filed the amended motion on September 15, 1999, following the motion court's granting of a thirty-day extension from the original sixty-day deadline of Monday, August 16, 1999, given that Rule 44.01 extended the deadline from the preceding Sunday. Rule 29.15(g). "[A] court should calculate the date an amended motion is due using a two-step process, counting [sixty] days from the date of appointment or entry of appearance, and then [thirty] days from the date the motion is initially due." Edwards v. State, 514 S.W.3d 68, 70 (Mo. App. E.D. 2017) (citing Rule 29.15(g)); see also Watson v. State, 536 S.W.3d 716, 720–21 (Mo. banc 2018) (J. Fischer, dissenting) (applying the two-step process in Rule 29.15(g) to calculate that, if the court had been able to grant an additional thirty days, the deadline for the amended motion would been extended from Monday, May 20, 2013—given that the original sixty-day deadline fell on Sunday, May 19—to Wednesday, June 19, 2013).

4

Abandonment by post-conviction counsel is a narrow exception to a motion court's loss of jurisdiction once post-conviction relief is final. Simmons v. State, 190 S.W.3d 558, 559 (Mo. App. E.D. 2006). Yet only when the record raises a presumption of abandonment must a motion court reopen post-conviction proceedings to inquire into a movant's claim of abandonment. Vogl v. State, 437 S.W.3d 218, 229 (Mo. banc 2014). In this case, the record raises no such presumption of abandonment. Following our initial mandate affirming the denial of post-conviction relief in 2000, Alexander made a series of motions claiming abandonment by post-conviction counsel's untimely filing of the amended motion. However, the motion court determined that post-conviction counsel timely filed the amended motion, which we affirmed on appeal. In 2006, we concluded that the record did not show abandonment by post-conviction counsel. Even more recently, in February 2018, we reviewed Alexander's abandonment claim within the context of a motion to recall the initial 2000 post-conviction mandate, and we deemed the claim meritless because post-conviction counsel timely filed the amended motion. Thus, the record raises no presumption of abandonment and warrants no further inquiry. Id. Alexander's post-conviction relief proceedings are final. See Nimrod v. State, 14 S.W.3d 103, 108–09 (Mo. App. W.D. 2000) (quoting Dickson v. State, 449 S.W.2d 576, 583 (Mo. 1970)) (allowing for the imposition of sanctions for frivolous post-conviction relief appeals that are "not within the contemplation and spirit of the post-conviction remedies.").

Accordingly, the motion court retains no subject-matter jurisdiction over the denial of post-conviction relief, and because our jurisdiction is derivative of the motion court's jurisdiction, we likewise lack jurisdiction over the appeal. Simmons, 190 S.W.3d at 560. We must dismiss the appeal. Id.

5

## Conclusion

The appeal is dismissed.

_KURT S. ODENWALD, Presiding Judge_

Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.